IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL ANTHONY ALLEN, #346-577 | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO. L-10-353 |
| STATE OF MARYLAND and EASTERN CORRECTIONAL INSTITUTION | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

On February 16, 2010, the Court received for filing the above-captioned civil rights action seeking compensatory damages from Michael Anthony Allen ("Allen"), a state inmate confined at the Eastern Correctional Institution. Allen claims that he found a burnt mouse in his breakfast food on December 20, 2009. Docket No. 1. He asserts that "this is not the prison's first incident." Allen's Motion to Proceed In Forma Pauperis shall be granted. For reasons to follow, the Complaint shall be DISMISSED.

Prisons and detention facilities are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985). Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents. See Divers v. Dep't of Corrs., 921 F.2d 191, 196 (8th Cir. 1990). Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever inmates are inconvenienced or suffer de minimis injuries. The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation. See Lemaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993);

Lunsford v. Reynolds, 376 F.Supp. 526, 528 (W.D. Va. 1974); Smith v. Younger, 187 F.3d 638 (6th Cir. 1999) (no conditions of confinement claim stated where inmate found worm in her peanut butter). To state a constitutional violation for unsanitary food preparation an inmate must do more than allege a single or isolated incident of contamination. See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985).

In this case, Allen alleges one incident in which he found a burnt rodent in his breakfast meal. He does not allege that his prison diet is consistently nutritionally inadequate or that his food regularly or even often contains mice or other foreign objects. Under these facts, the Court finds that Allen does not properly allege a violation of his constitutional rights. Therefore, his § 1983 claim against the State of Maryland and the Eastern Correctional Institution will be dismissed for the failure to state a claim upon which relief may be granted.

For the foregoing reasons, the Court will, by separate Order:

(1) GRANT Allen's Motion to Proceed In Forma Pauperis (Docket No. 2);

(2) DISMISS the Complaint under 28 U.S.C. § 1915(e);

(3) DIRECT that this case be treated as the FIRST § 1915(e) dismissal charged to Allen. Allen is advised that should he accumulate THREE § 1915(e) dismissals he may be precluded from filing prisoner civil rights cases in forma pauperis; and

(4) DIRECT the Clerk to CLOSE this case.

Dated this 25th day of February 2010.

/s/
_____
Benson Everett Legg
United States District Judge